UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 6 |
| vs. ) | |
| ) | Judge Wayne R. Andersen |
| GERARDO RODRIGUEZ-GOMEZ ) | |
| a/k/a "Gerardo Rivera-Rodriguez" ) | |

### Government's Motion in Limine to Admit Evidence of Prior Criminal Convictions if the Defendant Testifies at Trial

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, moves this court to admit evidence of the defendant's prior convictions if he testifies at trial. Specifically, the government respectfully requests that this Court allow the jury to hear, in the event that the defendant testifies at trial, that: (1) he was convicted of Aggravated Driving Under the Influence in August 2007, and was sentenced to two years imprisonment; (2) he was convicted of Illegal Entry Into the United States in February 2006, and was sentenced to six months imprisonment; and that (3) he was convicted of Aggravated Battery of a Police Officer in June 2005, and was sentenced to two years imprisonment.[1]  Furthermore, the government requests that it be allowed to inquire about the details of those convictions if the defendant attempts to minimize,

---

[1] The defendant has also been convicted of False Identification to a Peace Officer and Grand Theft, and has several other DUI convictions. The government is not seeking to introduce those convictions because they are either more than ten years old, or are crimes other than felonies.

mischaracterize or explain away those convictions. In support of this motion, the government states as follows.

I.　　**Legal Standards**

Fed. R. Evid. 609(a)(1) provides that evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year *shall be admitted* if the court determines that the probative value of admitting such evidence outweighs its prejudicial effect to the accused (emphasis added). Fed. R. Evid. 609(b) provides that evidence of a conviction under this rule is not admissible if more than ten years has elapsed since either the date of conviction, or the date of release of the defendant from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by facts and circumstances substantially outweighs its prejudicial effect.

The Seventh Circuit has established five factors to guide a district court in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect. The court should consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Smith,* 131 F.3d 685, 687 (7th Cir. 1997). These factors are only a guide to the discretion of the district court, and the Seventh Circuit shall intervene

only when the record establishes that the district court abused its discretion. *United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004).

The Seventh Circuit urges district courts to make such determinations after a hearing on the record and to explicitly find that the prejudicial effect of the evidence to the defendant will be outweighed by its probative value so that the appellate court easily will be able to determine whether the court followed the strictures of Rule 609 in reaching his decision. *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir. 1976). *Mahone* tells us that the hearing need not be lengthy and need only require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction, with an opportunity by the defense to rebut the government's presentation and point out to the court the possible prejudicial effect to the defendant if the evidence is admitted. *Id.* Consideration of this motion, and any response by the defendant, on the record, would appear to accomplish this.

The Seventh Circuit has repeatedly held that admitting evidence of a defendant's prior convictions was not an abuse of discretion where district courts placed more, or even all, of the emphasis on the importance on the fourth and fifth factors, especially where the testimony of the defendant directly contradicts the testimony of other witnesses. *See United States v. Gant,* 396 F.3d 906, 910 (7th Cir. 2005) ("Moreover, given Gant's theory of the case, his credibility was a crucial part of the trial. Gant's testimony that he possessed a pipe, not a firearm, directly

contradicted the testimony of government witnesses. . . ."); *Montgomery,* 390 F.3d at 1015-16 (Not an abuse of discretion for the district court to allow the government to introduce evidence of six prior convictions, and noting that the district court stated that the fifth factor, the centrality of credibility, was the "crux of the case in light of the conflicting testimony. . . ."); *Smith,* 131 F.3d at 687; *United States v. Nururdin,* 8 F.3d 1187, 1192 (7th Cir. 1993) (The trial court did not abuse its discretion when it "explicitly relied on the fourth and fifth factors: the importance of the defendant's testimony, and the centrality of the credibility issue.").

## II.     Analysis

If the defendant testifies in this case, it would likely be for the primary purpose of contradicting the testimony of one or more government witnesses with respect to the evidence of his guilt.[2] In order to be helpful to him, his testimony would have to contradict that of the government's witnesses or evidence with respect to the defendant's alienage, his prior removals from the United States, or whether the Secretary of the Department of Homeland Security or the Attorney General had expressly consented to his reapplying for readmission. This is precisely the scenario under which admission of a defendant's prior convictions is most appropriate – where the defendant's credibility is central to the case.

Although the third factor – similarity of the past crime to the crime charged – may appear to weigh in favor not introducing evidence of the conviction for Illegal

---

[2] Another purpose of the defendant's testimony could be to encourage jury nullification, the subject of another motion *in limine* by the government.

Entry, evidence of this conviction should still be introduced for three reasons. First, as noted above, it is not an abuse of discretion for the court to place more or all of the emphasis on the fourth and fifth factors. *See Smith,* 131 F.3d at 687 (district court did not abuse its discretion by allowing the government to introduce evidence of the titles of the defendant's past convictions, i.e., robbery and armed robbery, following the defendant's testimony in his bank robbery trial, notwithstanding the defense's offer to stipulate to the *number* of the convictions, because the defendant's credibility was central to the case). Second, the offense of Illegal Entry, although similar, is not identical to the current charge of Illegal Reentry because the Illegal Entry charge did not require proof that the defendant previously had been removed from the United States, while the current charge does require such proof. Finally, it would not be error to inform the jury of the defendant's plea of guilty to Illegal Entry because his plea constituted a written admission that the defendant is an alien. This is an element which the government must prove beyond a reasonable doubt. Unless the defendant is willing to stipulate that he is an alien, the government should be allowed to present the evidence required to meet its burden of proof.

The fact that a prior conviction does not involve dishonesty or false statement does not make it inadmissible. The government seeks to introduce evidence of the convictions pursuant to Fed. R. Evid. 609(a)**(1)** which addresses prior **felony** convictions, not pursuant to Fed. R. Evid. 609(a)**(2)** which addresses prior convictions for dishonesty or false statement regardless of whether or not the convictions are

felonies. *See Nururdin,* 8 F.3d at 1192 (a prior felony need not have involved "inherent dishonesty" to be probative and admissible under Fed. R. Evid. 609(a)(1)).

### III.   It is Permissible to Reveal the Name, Date and Disposition of the Prior Convictions

When impeaching with prior convictions, it is appropriate to reveal the name of the offense, the date of the offense and the penalties imposed. *United States v. Smith,* 454 F.3d 707, 716 (7th Cir. 2006) (the government may identify the particular felony charged, the date, and the disposition of a prior conviction for impeachment purposes); *United States v. White,* 222 F.3d 363, 370 (7th Cir. 2000); *Smith,* 131 F.3d at 687 (The district court did not abuse its discretion by admitting the titles of Smith's prior convictions); *United States v. Fountain,* 768 F.2d 790, 804-805 (7th Cir. 1985) ("Only the name of the crime, the time and place of conviction, and the punishment are admissible for the purposes of Rule 609.") (citations omitted).

In the event that the defendant testifies and the government is allowed to impeach him with the prior convictions, but then the defendant tries to minimize, mischaracterize, or explain away his convictions, the government should be able to inquire into the details, *United States v. Douglas,* 408 F.3d 922, 929 (7th Cir. 2005), although the government is aware that such an open door is not a "license to dwell on the details of the prior convictions and shift the focus of the current trial to the defendant's prior bad acts." *Id. (quoting United States v. Robinson,* 8 F.3d 398, 409 (7th Cir. 1993)).

Finally, any prejudicial effect that the introduction of the prior felony convictions could have would be overcome by giving the jury a limiting instruction such as Seventh Circuit Federal Jury Instruction 3.05. *See Montgomery* at 1016; *Nururdin* at 1192; *Smith,* 131 F.3d at 687.

WHEREFORE, the government respectfully requests that this Court allow the jury to hear, in the event that the defendant testifies at trial, the names and dates of the defendant's three most recent felony convictions, and the sentences imposed in connection with those convictions. Furthermore, the government respectfully requests that it be allowed to inquire about the details of those convictions if the defendant attempts to minimize, mischaracterize or explain away those convictions.

    Respectfully Submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: s/Clifford C. Histed
    CLIFFORD C. HISTED
    RENAI S. RODNEY
    Assistant United States Attorneys
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-7627

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the Government's Motion in Limine to Admit Evidence of Prior Criminal Convictions if the Defendant Testifies at Trial was served on March 18, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Clifford C. Histed
CLIFFORD C. HISTED
Assistant United States Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois
(312) 886-7627