UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 6 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| GERARDO RODRIGUEZ-GOMEZ ) | |
| a/k/a "Gerardo Rivera-Rodriguez" | |

## Government's Motion *In Limine* Concerning Jury Nullification

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby requests that this Court preclude the defendant from arguing, presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is clear that it is improper for the defendant to suggest in any way that the jury should acquit him even if it finds that the government has met its burden of proof. *See United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977) (affirming refusal to give nullification instruction because to do so would have been clearly improper); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citations omitted).[1] *See*

---

[1] The first instruction given in a criminal case is Instruction 1.01, which provides, in part:

> You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. . . . Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

*also Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (2nd Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Desmaris*, 938 F.2d 347, 350 (1st Cir. 1991) (ruling that it was improper to urge jury to nullify applicable law); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath.").

In this case, the defendant may attempt to present a number of arguments or lines of questioning which fall under the rubric of "jury nullification." Although examples of such improper argument or evidence are discussed below, the defendant may also present other unanticipated arguments. The government seeks by this motion to preclude any evidence, argument or questioning, no matter what its form, that in effect "encourages [the] jury to acquit under any circumstances regardless of the applicable law or proven facts." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983).

### I. Penalties Faced by Defendant

The government respectfully moves this Court to preclude the defendant from introducing evidence, making arguments, or otherwise mentioning the potential penalties faced by defendant if convicted. The Seventh Circuit unequivocally has held that "arguing

punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that "the Sixth Amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court.).

    Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. The Supreme Court has stated: "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States,* 512 U.S. 573, 579 (1994) (holding that it is generally not proper to inform a jury about the consequences of a verdict of not guilty by reason of insanity) (*quoting United States v. Rogers*, 422 U.S. 35, 40 (1975)); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."); *United States v. McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special . . . provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence.") Mention of the potential penalties faced by defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'") (*quoting United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980)); *United States v. Patterson*, 1996 WL 54237 *1

(N.D.Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

## II. The Defendant's Family and its Needs

While the defendant may introduce limited testimony concerning his background, the government moves in limine to preclude evidence and argument regarding his family, including any arguments or evidence concerning the needs of his family to suggest either a motive for defendant's criminal conduct or to invoke sympathies regarding the impact of a conviction upon defendant's family. Such evidence is irrelevant to defendant's factual guilt and serves no purpose other than to invoke improper appeals for jury nullification. Accordingly, such evidence or argument is properly excluded. *See, e.g., United States v. D'Arco*, 1991 WL 26504 *4 (N.D. Ill. 1991) (holding that "no testimony or argument will be allowed regarding the impact of the trial or possible conviction upon a family member"); *United States v. Shields*, 1991 WL 236492 *4 (N.D. Ill. 1991) (granting motion in limine precluding "any testimony regarding the possible impact which a conviction might have upon any family member").

## III. Outrageous Government Conduct

As Judge Zagel lamented, there is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). The "thrust of the defense" in these types of cases is this: "the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or nor guilt has been proved beyond a reasonable doubt." *Griffin*, 867 F. Supp. at 1347. In the face of this increasing tendency to

4

interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *Shields*, 1991 WL 236492 *3; *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion in limine to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *United States v. Katz*, 1992 WL 137174 *5 (N.D. Ill. 1992).

    The impropriety of arguing allegations of governmental misconduct to the jury is twofold. First, and most fundamentally, the Seventh Circuit has rejected the outrageous government conduct defense and has held that such claims afford no defense to a criminal prosecution as a matter of law. *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort. Second, even before the *Boyd* decision, this Circuit held that the issue of government misconduct was a matter of law for determination by the court and is not an issue for the jury. *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question); *Katz*, 1992 WL 236492 *5 ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous."); *Shields*, 1991 WL 236492 *3; *Finley*, 708 F. Supp. at 913-914.

### IV. Argument or Evidence of Vindictive Prosecution

The defendant should be precluded from arguing, cross-examining the government's witnesses, or offering any evidence in his case-in-chief suggesting that his prosecution is somehow vindictive. The only purpose to be served by such evidence and argument is to confuse the jury with irrelevant information. Such evidence and argument is clearly improper pursuant to Fed. R. Evid. 403.

WHEREFORE, the government respectfully requests that this Court enter an order precluding any evidence, argument or questioning, no matter what its form, that encourages the jury to acquit without regard to to the applicable law or proven facts.

                                         Respectfully submitted,

                                         PATRICK J. FITZGERALD
                                         United States Attorney

By:    s/Clifford C. Histed
        CLIFFORD C. HISTED
        RENAI S. RODNEY
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-7627

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the Government's Motion *in Limine* Concerning Jury Nullification was served on March 18, 2008, in accordance with F̲ed̲. R. C̲rim̲. P. 49, F̲ed̲. R. C̲iv̲. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                 s/Clifford C. Histed
                                                 CLIFFORD C. HISTED
                                                 Assistant United States Attorney
                                                 219 South Dearborn Street, Fifth Floor
                                                 Chicago, Illinois
                                                 (312) 886-7627