IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 6 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| GERARDO RODRIGUEZ | ) | |

## NOTICE OF FILING

To:  Mr. Cliff Histed                          Ms. Kathy Kiriklakis
     Assistant United States Attorney          United States Probation Officer
     219 S. Dearborn Street                    55 E. Monroe, Suite 1500
     Chicago, IL  60604                        Chicago, IL  60603

Please take notice that on this 14th day of July, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

−  DEFENDANT RODRIGUEZ'S OBJECTIONS TO THE PSR AND MOTION FOR DOWNWARD DEPARTURE

                                                          Respectfully submitted,

                                                          FEDERAL DEFENDER PROGRAM
                                                          Terence F. MacCarthy
                                                          Executive Director

                                                          By:   s/Daniel J. Hesler
                                                                 Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8347

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 6 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| GERARDO RODRIGUEZ | ) | |

**DEFENDANT RODRIGUEZ' OBJECTION TO THE PSR
AND MOTION FOR DOWNWARD DEPARTURE**

Defendant GERARDO RODRIGUEZ, by the Federal Defender Program and its attorney, DANIEL HESLER, respectfully submits the following objection to the PSR in this case and moves for a downward departure. The PSR concludes with minimal discussion that Mr. Rodriguez does not qualify for any acceptance of responsibility reduction under §3E1.1. An examination of the text of note 2 to §3E1.1 makes it clear that Mr. Rodriguez does merit a two level reduction under that section. Furthermore, a criminal history category of VI slightly overrepresents Mr. Rodriguez' past criminality and his future dangerousness to this society. Defendant further states as follows:

**I.      Procedural background**

On June 28, 2007, Mr. Rodriguez was arrested for driving while intoxicated. He was convicted in that case and sentenced to 2 years IDOC. He was paroled on December 27, 2007, and brought into federal custody. He was charged with illegal reentry, went to trial, and was convicted.

1

**II.    A two level reduction for acceptance of responsibility under § 3E1.1 is appropriate in this case.**

United States Sentencing Guidelines §3E1.1 tells a sentencing court to lower a defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." In deciding what constitutes acceptance, the first consideration listed in application note 1 to §3E1.1 is "Truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct)." That provision is further explained in note 2, which says

> *This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.*

Applying these principles to Mr. Rodriguez's case, it is difficult not to conclude that he deserves a two level reduction under §3E1.1. To begin with, there can be no question that Mr. Rodriguez has "truthfully admitt[ed] the conduct comprising the offense of conviction." When initially interviewed by the agents, Mr. Rodriguez admitted his guilt. *See* PSR at 3, lines 74-79. Mr. Rodriguez admitted his guilt in several pretrial

2

appearance before this Court. And at trial, Mr. Rodriguez truthfully admitted that he was here, that he had previously been deported, and that he did not have permission to reenter this country. There can be no argument that Mr. Rodriguez has failed to satisfy the first consideration listed in Application Note 1 to §3E1.1.

It is true that Mr. Rodriguez went to trial. *See* PSR at 1, lines 20-23. However, it cannot possibly be said that Mr. Rodriguez put "the government to its burden of proof at trial by denying the factual elements of guilt." *See* Application Note 2 to §3E1.1, *quoted above*. Not only did Mr. Rodriguez not deny the factual elements of guilt, but he affirmatively took the stand and admitted them.[1]

The PSR treats note 2 as though it says that acceptance after trial is only possible where defendant goes to trial to make a constitutional or statutory challenge. *See* PSR at 4, lines 104-09. The PSR is incorrect. Note 2 does not say that. Note 2 says that a defendant may demonstrate acceptance of responsibility even though he exercises his right to trial. The note that lists, as an example, a situation where a defendant goes to trial to preserve a legal issue.

In the present case, Mr. Rodriguez did not go to trial to preserve some esoteric legal challenge. At the same time, Mr. Rodriguez did not go to trial to challenge the

---

[1] A transcript of Mr. Rodriguez' testimony was prepared and was provided to the probation office. Obviously, the Court was present at the trial, but if the Court wanted to see that transcript, it is available.

government's proof on the elements of the offense. Instead, it is crystal clear that, in this case, Mr. Rodriguez went to trial for no rational reason whatsoever.[2]

Although "no reason whatsoever" is not listed in Note 2 as a acceptance-friendly reason for a trial, it does not have to be so listed. The hypothetical rare instances listed in note 2 are specifically noted as "examples" of what trial defenses might be consistent with acceptance of responsibility. The characteristic that each listed example has in common is that they do not involve challenging the essential elements of the offense. A trial like Mr. Rodriguez, which occurs for no rational reason whatsoever, also does not involve challenging the essential elements of the offense. Indeed, the "no reason" defense may in fact be more qualifying for an acceptance of responsibility reduction than some of the scenarios listed in Note 2. Making and preserving a challenge to a statute still involves the possibility that the government will somehow fail to meet its burden of proof. Mr. Rodriguez, on the other hand, left nothing to chance. If by any chance the government's case in chief failed to prove the elements, Mr. Rodriguez affirmatively made sure that each element was conclusively admitted, by testifying truthfully.

It should also be pointed out that Mr. Rodriguez did not wait until trial to admit his guilt. Mr. Rodriguez admitted the elements of his offense to the agents, he admitted his

---

[2]The government might attempt to construct a defense theory of the case from counsel's closing argument, but such an attempt would be misguided. In most cases, evidence is elicited so that a particular argument or arguments can be presented in closing. In this case, the closing occurred only because a trial had preceded it. If there is any doubt about that, the Court need only consider counsel's closing argument of "how do we know any of us are here?"

guilt in pretrial proceedings, and then he admitted his guilt in testimony at trial. Indeed, during his arrest on June 28, 2007, Mr. Rodriguez explained to the arresting officers that he did not have a license because he was an illegal alien. *See* PSR at 10, lines 250-51. Thus, where Application Note 2 to §3E1.1 says that the determination of acceptance of responsibility should be based primarily on pre-trial statements and conduct, an examination of that conduct clearly suggests that Mr. Rodriguez has been consistent and punctual in his admissions of guilt.

In sum, Mr. Rodriguez has never contested that he committed this offense. The fact that he went to trial should be reflected in the loss of the third point for acceptance, which reflects the fact that the government was forced to prepare for trial. A two level reduction under §3E1.1(a) is appropriate in this case.

### III. Criminal history category VI overrepresents Mr. Rodriguez' history of criminality, as well as his future dangerousness. A traditional departure to criminal history category IV is appropriate in this case.

The PSR correctly concludes that Mr. Rodriguez falls into criminal history category VI. However, the nature of Mr. Rodriguez' prior convictions, coupled with his relatively industrious life, suggest that a criminal history category of IV may better represent Mr. Rodriguez' actual criminal history and likelihood of recidivism.

The sentencing guidelines traditionally allowed a court to impose a sentence outside the range established by the applicable guideline when it found that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. §5K2.0, p.s. Some

considerations were explicitly recognized by the guidelines as valid grounds for departure. Specifically, policy statement §4A1.3 states:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. ... There may be cases where the court concludes that a defendant's criminal history category significantly overrepresents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.

The policy statement concluded that a downward departure may be appropriate in such cases.

Mr. Rodriguez criminal history is serious, but it does not merit category VI treatment. Mr. Rodriguez has eight prior convictions. However, nearly all of them are for alcohol related conduct. There is absolutely no disagreement that DUI is a serious offense. At the same time, the kind of criminal intent necessary to commit DUI is categorically different than the criminal predisposition that is associated with crimes like theft, fraud, and most crimes of violence. In Mr. Rodriguez's case, it seems that the only time he becomes violent is after he is in handcuffs. *See* PSR at 7 & 9. Moreover, there is little in his record suggesting the kinds of crimes that people typically undertake for personal gain, such as theft or drug dealing. There is nothing that suggests that is a "criminal" in the common understanding of the term; most of his convictions are for things (i.e., DUI, illegal reentry, & resisting arrest) that can happen to a person like Mr. Rodriguez when he is simply returning home. It is not the defense's contention that any of these crimes are not serious. Rather, the observation can be made that Mr. Rodriguez' record is not typical of defendants in criminal category VI, which generally is reserved for defendants with the most egregious records.

Taking into account both the nature of Mr. Rodriguez' prior arrests and convictions, along with his generally good work history, the defense suggests that a criminal history category of IV better reflects both Mr. Rodriguez' past criminality and likelihood of recidivism. Mr. Rodriguez is someone who has consistently been punished harshly for his prior offenses. His work history is that of immigrant that this country has historically welcomed with open arms. A slight criminal history departure[3] is appropriate in this case.

**Conclusion**

For all the foregoing reasons, it is respectfully requested that this Court impose a sentence that includes a two level reduction for acceptance of responsibility under §3E1.1, and a two criminal history category departure for overrepresentation of Mr. Rodriguez' criminal history. At the time of sentencing, it will be further requested that the Court impose a sentence that comports with the dictates of 18 U.S.C. §3553.

---

[3]Although the term "departure" may be obsolete, the adjustment that is being sought in this case is equivalent to that captured by the prior departure nomenclature, and so the "departure" term is being used.

                Respectfully submitted,

                FEDERAL DEFENDER PROGRAM
                Terence F. MacCarthy,
                Executive Director


                By:  s/Daniel J. Hesler
                      Daniel J. Hesler


DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois  60603
(312) 621-8300

8

**CERTIFICATE OF SERVICE**

The undersigned, Daniel J. Hesler, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT ANDRE HILL'S MOTION TO REDUCE SENTENCE**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on April 18, 2008, to counsel/parties that are non-ECF filers:

Kathy Kiriklakis
United States Probation
55 E. Monroe St., 15th Floor
Chicago, Illinois 60603


                By:    s/Daniel J. Hesler
                      DANIEL J. HESLER
                      FEDERAL DEFENDER PROGRAM
                      55 E. Monroe St., Suite 2800
                      Chicago, Illinois 60603
                      (312) 621-8347