UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 6 |
| vs. | ) | |
| | ) | Judge Wayne R. Andersen |
| GERARDO RODRIGUEZ-GOMEZ | ) | |
| a/k/a "Gerardo Rivera-Rodriguez" | ) | |

## Government's Response to the Defendant's Objection to the PSR and Motion for Downward Departure

The defendant has not met his burden of showing that he qualifies for a downward sentencing adjustment for acceptance of responsibility, and his criminal history category accurately represents his long history of criminality. For these reasons, his objections to the PSR should be overruled and his motion should be denied. The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, further states as follows.

### I. The Defendant Has Not Met His Burden of Demonstrating That the Reduction for Acceptance of Responsibility is Warranted

The defendant bears the burden of demonstrating that he is entitled to a reduction in his offense level for acceptance of responsibility. *U.S. v. Silvious,* 512 F.3d 364, 370 (7th Cir. 2008); *U.S. v. Herrera-Ordones,* 190 F.3d 504, 512 (7th Cir. 1999). The reduction is not automatic even when a defendant pleads guilty, *Silvious* at 370, and the reduction is granted only "in rare situations" when a defendant puts the government to its burden of proof at trial. U.S.S.G. § 3E1.1, Application Note 2.

Although the defendant admitted his conduct to Immigration and Customs Enforcement Officers before trial, he still put the government to its burden of proof

even though the Court had admonished him that he could risk losing the benefit of the reduction if he went to trial. This is not the case of a defendant who, for example, went to trial solely to assert and preserve a legal challenge. This is a defendant who gambled that there would be a failure of proof at trial. Later realizing that there was no such failure of proof, he gambled that he could take the witness stand and convince the jury to acquit him notwithstanding the evidence. For example, his testimony was replete with references to his alcoholism being the source of his problems. Moreover, his numerous references to his children and their personal circumstances – references that were not made in response to questions – were clearly attempts to persuade the jury not to convict him. That jury nullification was the sole purpose of the defendant's testimony is made clear by the following testimony of the defendant:

> I got too much troubles with alcohol. And so but this time Mr. Government or United States, they try to give you too much time for – for this. For – they say reentry into the United States. That say a lot of time and *I am just asking you for you guys' mercy. In the name of Jesus help me not to get jail time. I don't have ten years.*
>
> . . .
>
> I will stay in Mexico this time because I have enough punish right now for being in USA. I don't want to – I don't want to get any jail time in – in jail. I don't want ten years to do – I got to stop drinking. *I don't want to lose my wife and my children.*

Transcript, p. 30, 31. While the defendant's desire to be reunited with his family is certainly understandable, his blatant attempt at jury nullification should not be rewarded with a sentencing reduction. By going to trial even though the evidence of his guilt was overwhelming, he wasted the time and resources of the jurors and the Court. That is *not* acceptance of responsibility.

2

The defendant's assertion that he went to trial for "no rational reason whatsoever" (Def. Mot. p. 4) hardly supports his argument that he has met his burden of demonstrating acceptance of responsibility. To the contrary, wasting the juror's time, wasting the Court's resources, and putting the government to its burden of proof for "no reason whatsoever" is more fairly considered as a factor in *aggravation* at sentencing.

The defendant also did not accept responsibility for closely-related conduct. His own trial testimony made clear that he knew his conviction for aggravated battery of a police officer would be the primary driver of his sentence. With respect to that conviction he testified that he was sentenced to two years imprisonment, but only had to serve six months. Transcript, p. 38. Well versed in the effect of the Sentencing Guidelines, the defendant then testified, ". . . U.S. Government tried to use it against me to put me in jail, yes, correct? You guys gave me 16 points for that." *Id.* Knowing that his base offense level would be increased by sixteen levels due to that battery conviction, the defendant attempted to minimize the conduct leading to the conviction by pointing out that at the time of the offense he was drunk and handcuffed, and that he only weighed 155 pounds while the officer he was convicted of battering weighed 230 pounds. Transcript, p. 23.

The defendant's trial testimony was not a vehicle for demonstrating his acceptance of responsibility. It was a bold and blatant attempt at jury nullification.

## II. Criminal History Category VI Accurately Reflects
## the Defendant's History of Criminality

The defendant's eight criminal convictions, spanning a period of time exceeding ten years, have earned him fifteen criminal history points – well in excess of the thirteen points necessary for inclusion in criminal history category VI. These offenses include grand theft, carrying a concealed and loaded weapon in public, battery, resisting arrest, aggravated battery of a police officer, and aggravated driving under the influence. Contrary to the defendant's claim, these are not all offenses that are associated with "simply returning home." Def. Mot., p. 7. Nor are these crimes for which he has been "punished harshly." *Id.* at p. 8. The defendant has never served for than six months imprisonment despite his long history of breaking the law.

WHEREFORE, the government respectfully requests that the defendant's objections to the PSR be overruled and that his motion for a sentence below the guideline range as computed in the PSR be denied.

>Respectfully Submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: s/Clifford C. Histed
>CLIFFORD C. HISTED
>Assistant United States Attorneys
>219 South Dearborn Street
>Chicago, Illinois 60604
>(312) 886-7627

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the Government's Response to the Defendant's Objections to the PSR and Motion for a Downward Departure was served on July 15, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and that a copy was sent to Probation Officer Kathy Kiriklakis via email.

s/Clifford C. Histed
CLIFFORD C. HISTED
Assistant United States Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois
(312) 886-7627